Mark Ankcorn (SBN 166871)
ANKCORN LAW FIRM
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 870-0600
*mark@markankcorn.com*

Beth Terrell (SBN 178181)
TERRELL MARSHALL DAUDT & WILLIE, PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103
(206) 816-6603
*bterrell@tmdwlaw.com*

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA RAMIREZ and SCOTT FOWLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. '11CV2008 LAB POR<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**<br><br>Jury Trial Demanded |

### INTRODUCTION

1. Sandra Ramirez and Scott Fowler ("Plaintiffs") bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant BANK OF AMERICA, N.A. ("BANA" or "Defendant") in negligently, knowingly, and willfully contacting Plaintiffs on their cellular telephones without their express prior consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and as to all other matters alleges upon information and belief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiffs seek up to $1,500 for each call in violation of the TCPA which when aggregated among a proposed class number in the tens of thousands exceeds the $5,000,000 threshold. Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Accordingly, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 are present. Venue is proper in the United States District Court for the Southern District of California as Defendant resides within the district.

## PARTIES

3. Sandra Ramirez and Scott Fowler are natural persons residing in California. Sandra Ramirez and Scott Fowler are account holders of cellular telephone numbers and pursuant to the terms of their respective contracts are charged for each call within the meaning of 47 U.S.C § 227(b)(1)(A)(iii).

4. Defendant Bank of America, N.A. is a national banking association chartered by the Comptroller of the Currency of the U.S. Treasury under the National Bank Act. BANA makes loans to consumers and business directly and via other affiliated entities. BANA services millions of consumer debts such as mortgage home loans and credit cards. According to its parent corporation's most recent financial report, BANA is the largest mortgage loan servicer in the United States, servicing 13.4 million loans. BANA has its main office at 100 North Tryon Street, Charlotte, North Carolina, and operates in every state including California through approximately 5900 retail banking centers, 750 retail home loan locations, and 70 operations centers.

## FACTUAL ALLEGATIONS

5. Plaintiff Sandra Ramirez and her husband borrowed money to purchase a home in California in August, 2008, and began making regular, timely payments in full each month to BANA, the servicer of their mortgage through its predecessor entity BAC Home Loans Servicing,

LP.

6. BAC Home Loans Servicing, LP was a Texas limited partnership. Its limited partner was BANA LP, LLC, and its general partner was BAC GP LLC, both Nevada limited liability companies. The sole member of BANA LP LLC and BAC GP LLC was Defendant Bank of America, N.A. ("BANA"). On December 30, 2010, BAC Home Loans Servicing, LP ceased doing business under its own name and was merged into its parent company, BANA. BAC Home Loans Servicing, LP's predecessor entities include Countrywide Home Loans Servicing, LP.

7. When Mr. and Mrs. Ramirez fell behind on their mortgage, BANA began a campaign of harassment by telephone in an effort to collect on the missed payments. BANA would call their home and Mrs. Ramirez' personal cell phone in sequence at multiple times per day.

8. Plaintiff Scott Fowler and his wife purchased their home in October, 2006, taking out a loan in Mrs. Fowler's name only. They made regular, timely payments in full each month to BANA, the servicer of their mortgage through its predecessor entity BAC Home Loans Servicing, LP.

9. When Mr. and Mrs. Fowler fell behind on their mortgage, BANA began a campaign of harassment by telephone in an effort to collect on the missed payments. BANA would call their home and Mr. Fowler's personal cell phone in sequence at multiple times per day.

10. Through its subsidiaries and agents, Defendant employs thousands of persons at call centers throughout the country and overseas. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the millions of consumer debts serviced by BANA.

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. 47 U.S.C. § 227(b) states in pertinent part:

**(b) Restrictions on use of automated telephone equipment**
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .
      (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
   (C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

15. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

16. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs gave BAC their express consent to call their cell phones within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

17. Plaintiff Scott Fowler never provided his cellular telephone number to Defendant at any time, nor did he give his express consent to receive calls on his cellular telephone. He was not listed on his wife's mortgage application, which was in her name only.

18. Plaintiff Sandra Ramirez originally provided her cellular telephone number to Defendant at some point after the consummation of the transaction which resulted in the debt owed, but when Defendant began its campaign of telephone harassment, she withdrew that consent by repeatedly telling Defendant's collection agents to stop calling her.

19. Plaintiff Sandra Ramirez on at least four occasions verbally instructed collection agents working on BAC's behalf to stop calling her cell phone. Each one stated that it was not possible for them to remove her number from the computer system and Defendant continued to make calls to her cell phone.

20. Defendant acted willfully or knowingly or both in calling numbers using an autodialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

21. At least 54 calls were placed by Defendant or their representatives, contractors, or agents, to Mrs. Ramirez' cellular telephone using an automatic telephone dialing system. A similar volume of calls was made by Defendant to Mr. Fowler's cellular telephone.

22. Many, if not most, of these calls used an artificial or pre-recorded voice to leave a message or give instructions.

23. In calling Plaintiffs on their cellular telephone lines dozen of time at multiple times per day, Bank of America violated 47 U.S.C. § 227(b).

///

**Class Action Allegations**

24. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all others similarly situated.

25. The proposed Class that Plaintiffs seek to represent is defined as follows:

> All persons within the United States who, on or after September 1, 2007, received an non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

26. Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendants and any entities in which BANA or its subsidiaries have a controlling interest, Defendant's agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

27. Plaintiffs do not know the exact number of members in the Class, but based upon BANA's representations as to its market share in the United States, Plaintiffs reasonably believe that Class members number at minimum in the hundred thousands. This Class size includes consumers holding credit cards issued by BANA under any of its subsidiary brands and affiliates, as well as persons who co-signed for such credit cards; consumer and business loans serviced by BANA or its affiliates; home mortgages borrowers and guarantors, and all other persons whom Defendant or its affiliates dialed (or mis-dialed).

28. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, in violation of the TCPA.

29. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs

have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

30. Plaintiffs will fairly and adequately protect the interests of the Class, and have retained attorneys experienced in class and complex litigation.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  a. It is economically impractical for members of the Class to prosecute individual actions;
  b. The Class is readily definable; and
  c. Prosecution as a class action will eliminate the possibility of repetitious litigation.

32. A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

33. Plaintiffs do not anticipate any undue difficulty in the management of this action.

### FIRST CLAIM FOR RELIEF
Negligent Violations of the TCPA

34. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

35. The foregoing act and omissions of BANA constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of BANA's negligent violations of the TCPA, Plaintiffs and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by BAC in the future.

///

### SECOND CLAIM FOR RELIEF
Knowing or Willful Violations of the TCPA

38. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

39. The foregoing acts and omissions of BANA constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of BANA's knowing and willful violations of the TCPA, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by BANA in the future.

### JURY TRIAL DEMAND

42. Plaintiffs and Class members request a trial by jury on each of the claims for relief stated herein.

///

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant Bank of America, N.A., for the following:

1. An injunction against the calling of cellular telephones by BANA's call centers, except where the cellular telephone subscriber has provided prior express consent to the calls;

2. Damages pursuant to 47 U.S.C. § 227(b)(3);

3. Costs of litigation and reasonable attorneys' fees;

4. Such other and further relief as the court may deem just and proper.

DATED: August 31, 2011                    ANKCORN LAW FIRM

                                          By:   */s/ Mark Ankcorn*
                                                Mark Ankcorn


                                          TERRELL MARSHALL DAUDT & WILLIE PLCC

                                          By:   */s/ Beth Terrell*
                                                Beth Terrell

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sandra Ramirez and Scott Fowler

**DEFENDANTS**
Bank of America, N.A.

(b) County of Residence of First Listed Plaintiff: Riverside, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ankcorn Law Firm, 9845 Erma Road, Suite 300
San Diego, California 92131 (619) 870-0600

Attorneys (If Known)
**'11 CV 2008 LAB POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 USC § 227  28:1332 - Diversity (jmd)

Brief description of cause:
Telephone Consumer Protection Act, robo-calls to cell phone without prior express permission

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 250,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: August 31, 2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____