Abraham J. Colman (SBN 146933)
acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
fyu@reedsmith.com
Jordan S. Yu (SBN 227341)
jsyu@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:    213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA RAMIREZ and SCOTT FOWLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffss,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendants. | No.: 3:11-cv-02008-LAB-KSC<br><br>**CLASS ACTION**<br><br>**JOINT MOTION FOR PROTECTIVE ORDER**<br><br>The Honorable Karen S. Crawford |

1. **PURPOSE AND LIMITATIONS**

   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10 below, that this Protective Order creates no entitlement to file confidential information under seal; this Protective Order sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

   By entering into this Protective Order, the parties do not waive, but rather preserve, any and all applicable objections to the disclosure of any information.

2. **DEFINITIONS**

   2.1  **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2  **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3  **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

   2.4  **"Highly Confidential – Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**2.5** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.6** **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.7** **Designating Party: a** Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

**2.8** **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." Pursuant to Paragraph 5.1 below, the parties are to exercise restraint in designating Protected Material.

**2.9** **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10** **House Counsel:** attorneys who are employees of a Party.

**2.11** **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.12** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. However, if this action proceeds to trial, the information designated as Protected Material pursuant to this Protective Order shall no longer be afforded the protections set forth herein, unless good cause is shown to the Court in advance of the trial to proceed otherwise.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection**. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this order requires:

**(a)** for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**(b)** for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection,

the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the Court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

**(c)** for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**5.3** <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

1 confidentiality designation by electing not to mount a challenge promptly after the original
2 designation is disclosed.

3       Should any Party to whom Confidential Information is disclosed object to the designation of
4 such materials as Confidential Information, that party shall notify the party making the designation,
5 in writing, identifying the specific document, information and/or materials as to which it is asserting
6 an objection, and further setting forth with particularity the reasons for the objection, and request
7 that the party reclassify the document, information, or testimony. The parties shall meet and confer
8 in good faith regarding the designation. The Parties shall adhere to the procedures set forth in Civil
9 Local Rule 26.1 in conducting the meet and confer conference. If, within ten (10) court days after
10 the written objection, the parties do not otherwise reach agreement or the Designating Party does not
11 agree to de-designate the information, the Designating Party must apply to the Court for an Order
12 allowing the designation of the materials as Confidential Information within twenty (20) court days
13 after the written objection (or any extension thereof as may be agreed by the Parties or ordered by
14 the Court), or the Confidential Information shall automatically lose its designation as Confidential.
15 The Parties will maintain the "Confidential" designation, as applicable, pending a Court ruling. The
16 burden of proof shall be borne by the Designating Party. Accordingly, in making or opposing any
17 motion relating to the designation of confidential information, the party seeking to maintain a
18 document as confidential shall bear the burden of showing specific prejudice or harm will result if no
19 protective order is granted. Until the Court rules to the contrary, all materials designated as
20 "Confidential" shall be treated as such as described in this Agreement.

21   7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

22       7.1      **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or
23 produced by another Party or by a non-party in connection with this case only for prosecuting,
24 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
25 the categories of persons and under the conditions described in this Order. When the litigation has
26 been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL
27 DISPOSITION).

28

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **<u>Disclosure of "CONFIDENTIAL" Information or Items</u>**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

**(a)** the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.

**(b)** the officers, directors, employees, and agents (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

**(c)** experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

**(d)** Parties to this action charged with responsibility for the prosecution or defense of the litigation, provided that access is given only for purposes of the prosecution or defense of this litigation;

**(e)** the Court and its personnel;

**(f)** court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

**(g)** during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

**(h)** Witnesses interviewed by a party's representatives or Counsel, when such disclosure is reasonably necessary for the purpose of factual investigation, discovery, or trial preparation, and who have signed the "Agreement to Be Bound by Stipulation" (<u>Exhibit A</u>);

(i) the author of the document or the original source of the information.

**7.3** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

**(a)** the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.

**(b)** the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

**(c)** Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

**(d)** the Court and its personnel;

**(e)** court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

**(f)** the author of the document or the original source of the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1 In the event any Party or third person having possession, custody or control of any information which has been produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only by another Party or third person hereafter receives a subpoena or other process or order to produce such information in a civil action other than this case, the Party or third person in possession of the information produced and designated in writing as Confidential or Highly Confidential – Attorneys' Eyes Only shall (a) notify the attorneys of record of the Designating Party or third party as soon as reasonably possible and prior to the production of information produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only; (b) furnish those

attorneys of record with a copy of said subpoena or other process or order; and (c) cooperate with respect to any procedure sought to be pursued by the Designating Party or third person by (i) refraining from producing any information produced and designated in writing as Confidential or Highly Confidential – Attorneys' Eyes Only in response to said subpoena or other process or order to the extent permitted by law for ten (10) court days from the date the copy of said subpoena or other process or order is furnished to the Designating Party so as to allow that Party or third person the opportunity to file an appropriate objection, (ii) immediately informing in writing the party who caused the subpoena or other process or order to issue that some or all of the material covered by the subpoena or other process or order is the subject of this Protective Order and provide that party with a copy of this Protective Order; and (iii) to the extent any such objection is filed and to the extent permitted by law, refraining from producing any information produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only in response to said subpoena or other process or order until the relevant court or tribunal rules on that objection.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II. J, and the chamber's rules, with respect to filing documents under seal.

11. **FINAL DISPOSITION**

**11.1** <u>Return of Protected Material After Final Disposition By Parties.</u>

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**11.2** <u>Return of Protected Material After Final Disposition By Court.</u> Within sixty days after the final termination of this action, the Court shall return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Any action by the Court shall be preceded by an *ex parte* motion for an order authorizing the return of all Protected Material.

12. **MISCELLANEOUS**

**12.1** <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** <u>Modification Of Protective Order By The Court.</u> The Court may modify the terms and conditions of the Order in the interest of justice or for public policy reasons.

**12.3  Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.4  Relation To Court Or Local Rules.** Without separate Court order, the Protective Order and the parties' stipulation shall not change, amend, or circumvent any court rule or local rule.

DATED: April 19, 2012                REED SMITH LLP

                                     By: *s/ Jordan Yu*
                                         Jordan Yu
                                         Attorneys for Defendant
                                         Bank of America, N.A.
                                         jsyu@reedsmith.com

DATED: April 19, 2012                ANKCORN LAW FIRM

                                     By: *s/ Mark Ankcorn*
                                         Mark Ankcorn
                                         Attorneys for Plaintiffs
                                         Sandra Ramirez and Scott Fowler
                                         mark@markankcorn.com

DATED: April 19, 2012                TERRELL MARSHALL DAUDT & WILLIE

                                     By: *s/ Beth Terrell*
                                         Beth Terrell
                                         Kimberlee L. Gunning
                                         Attorneys for Plaintiffs
                                         Sandra Ramirez and Scott Fowler
                                         bterrell@tmdwlaw.com

*I, Jordan Yu, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Joint Motion for Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *Ramirez v. Bank of America, N.A., et al., Case No. 11-cv-02008-LAB-CAB*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the United States District court for the Southern District for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On April 19, 2012, I served the following document(s) by the method indicated below:

***JOINT MOTION FOR PROTECTIVE ORDER***

☒ **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.casd.uscourts.gov

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Mark Ankcorn, Esq.<br>Ankcorn Law firm<br>9845 Erma Road, Suite 300<br>San Diego, California<br>Tel: 619.870.0600<br>Fax: 619.684.3541<br>Email: mark@markankcorn.com | Attorneys for Plaintiffs<br>*Sandra Ramirez and Scott Fowler* |

- 1 -

| | |
|---|---|
| Beth Terrell, Esq.<br>Kimberlee L. Gunning, Esq.<br>Terrell Marshall Daudt & Willie, PLLC<br>936 North 34th Street, Suite 400<br>Seattle, Washington  98103<br>Tel:  206.816.6603<br>Fax:  206.350.3528<br>Email:  bterrell@tmdwlaw.com<br>            kgunning@tmdwlaw.com | Attorneys for Plaintiffs<br>*Sandra Ramirez and Scott Fowler* |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on April 19, 2012, at Los Angeles, California.

*[signature]*
Griselda Munoz

REED SMITH LLP
A limited liability partnership formed in the State of Delaware